### Terre Haute & Indianapolis R. R. Co. v. Thomas Grandfield.

1. NEGLIGENCE—*In Repairing Crossings.*—Appellee, with his team, was upon the highway approaching a railroad crossing, where the servants of the company were engaged in making repairs. Upon inquiry, he was told by them to cross over. In doing so one of his horses stepped upon a spike in an upturned plank and was fatally injured. A recovery was sustained.

Trespass on the Case, for negligence, etc. Appeal from the Circuit Court of Fayette County; the Hon. JACOB FOUKE, Judge, presiding. Submitted at the August term, 1894. Affirmed. Opinion filed March, 23, 1895.

FARMER, BROWN & TURNER, attorneys for appellant; T. J. GOLDEN, of counsel.

HENRY & GUINN, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee was driving a team of young horses. As he approached the railroad crossing of appellant he observed it was then being repaired, stopped his team a short distance from it and asked the men making repairs if he could cross. The foreman asked if he had a load; when informed· the wagon was not loadéd, the foreman told him to come on. It appears the large plank next to the rail had been taken up and turned over, which fact was observed by appellee, and the point of the nails projected upward, which appellee did not see. These loose planks extended across the crossing over which appellee had to pass, the width between the rails being about nine feet. As appellee was driving over, one of the horses shied, and stepped on the point of one of the projecting nails, which injured him so badly that he died in a few days.

The appellant claims, first, it was not negligent; second, if it was, the appellee was guilty of contributory negligence in not seeing and avoiding the spikes.

The appellant's servants by their acts produced the condition which resulted in the injury. No one would pretend the crossing was safe at that time, and yet appellee was told, in effect, that it was, without warning him of the projecting spikes. True, he saw the planks were turned over, but this fact did not give him notice the spikes were left in them. The inquiry in regard to the condition of the wagon, whether loaded or not, he naturally would infer related to the removed or displaced plank, and not to the spikes left in them which he had to pass over.

The evidence sustains the judgment, and it is affirmed.